# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. CR-05-94-R |
| | ) | CIV-16-410-R |
| KURT C. BROWN, | ) | |
| Defendant. | ) | |

## ORDER

On August 30, 2016, the Court denied the Government's Motion to Enforce Collateral Attack Waiver, or Alternatively, Motion to Abate Proceedings. (Doc. No. 188). On December 22, 2016, the United States filed a Motion to Reconsider Order denying Motion to Enforce Collateral Attack Waiver. (Doc. No. 193). Defendant responded in opposition to the Motion (Doc. No. 196). Having considered the parties' submissions, and the Tenth Circuit authority upon which the United States relies, the Court hereby GRANTS the Plaintiff's motion and DISMISSES the Petition filed by Defendant herein.

As noted in the Court's August 30, 2016 Order, Defendant pled guilty to a count of money laundering in violation of 18 U.S.C. § 1956 and a count of possession with intent to distribute methamphetamine in violation of 18 U.S.C. § 841(a)(1). He was sentenced to 188 months incarceration, premised in part on prior state court convictions under U.S.S.G. § 4B1.1, which resulted in the attachment of career offender status, which he now contends was improper under *Johnson v. United States*, 135 S.Ct. 2551 (2015). The plea agreement contained the following language:

> [D]efendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:
> a. Appeal or collaterally challenge his guilty plea and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;
> b. Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7.
> c. It is provided that (i) defendant specifically does not waive the right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case.

Doc. No. 70. Defendant and his counsel signed the agreement, which also included an acknowledgement that Defendant had discussed the agreement with counsel, and that he understood and accepted its terms. The Court previously concluded that Defendant's claim under *Johnson* falls within the scope of the waiver. However, citing *United States v. Daugherty*, 2016 WL 4442801 (N.D.Okla. August. 22, 2016), the Court concluded that enforcement of the waiver against a meritorious claim under *Johnson* would constitute a miscarriage of justice. As a result, the Court denied the Government's Motion to Enforce. The Court agreed, however, that the merits of the case should be stayed pending the outcome of a decision by the Supreme Court in *Beckles v. United States*, S.Ct. No. 15-8544, *cert. granted*, 579 U.S. —, 136 S.Ct. 2510, 2016 WL 1029080 (June 27, 2016), wherein the Supreme Court is expected to address whether *Johnson* applies to career offender status under the United States Sentencing Guidelines as well as to the Armed Career Criminal Act. The Court turns to the Government's Motion to Reconsider, which

was filed after the Tenth Circuit's decision in *United States of America v. Frazier-LeFear*, --- Fed.Appx. ---, 2016 WL 7240134 (10th Cir. Dec. 15, 2016).

For a waiver such as the one at issue herein to be enforceable, it must satisfy three criteria: (1) defendant's challenge must fall within its scope; (2) the waiver must have been knowing and voluntary; and (3) enforcement of the waiver must not result in a fundamental miscarriage of justice. *United States v. Hahn*, 359 F.3d 1314, 1325-27 (10th Cir. 2004)(en banc)(per curiam). The Court's August 30, 2016 Order relied on the third element in concluding that enforcement of the waiver would result in a miscarriage of justice, a decision impacted by the December 2016 decision in *Frazier-LeFear*.

In *Frazier-LeFear*, the Tenth Circuit abrogated the decision of the Northern District in *Daugherty*. *Id.* at *4.

> The order granting COA notes that another district court in this circuit had held that enforcement of a collateral-challenge waiver with respect to an identical *Johnson*-based sentencing challenge would result in a miscarriage of justice. *See United States v. Daugherty*, NO. 07-CR-87-TCK, 2016 WL 4442801 (N.D.Okla. August. 22, 2016). *Daughterty* proceeded directly to the *Olano* standard for identifying error qualifying as a miscarriage of justice, without first confirming that the error related to the waiver itself. The district court emphasized that in applying *Johnson's* holding about the vagueness of the ACCA to the similarly worded career-offender guideline in *Madrid*, we had stated that the resultant error was remediable on plain-error review, i.e., it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Daugherty*, 2016 WL 4442801, at *7 (quoting *Madrid*, 805 F.3d at 1211). On that basis, the district court held enforcement of collateral-review waivers to bar *Johnson*-based sentencing attacks entails a miscarriage of justice within the meaning of the fourth exception specified in *Hahn*. *See also Jaramillo v. United States*, Nos. 1:16–CV–87 TS & 1:05–CR–136 TS, 2016 WL 5947265 (D. Utah Oct. 13, 2016) (following *Daugherty*).
> 
> The analytical mistake in *Daugherty* is evident from our discussion of circuit precedent. Our case law explaining Hahn's fourth miscarriage-of-justice exception makes it clear that it is the waiver, not some other aspect of the proceeding, that must be unlawful to undermine the waiver. Ms. Frazier-

3

> LeFear's *Johnson*-based challenge to the career-offender enhancement is a challenge to the lawfulness of her sentence, not to the lawfulness of her waiver. As such, however it may be characterized for purposes of the *Olano* plain-error standard, under our precedent it does not provide a basis for holding enforcement of the waiver to be a miscarriage of justice.

*Id.* at 4. The court concluded its decision in a manner that essentially mandates that this Court reconsider its prior decision.

> Our precedent directs that appeal/collateral review waivers are enforceable (1) with respect to claims of error that do not render the waiver itself unlawful, even if the alleged error (2) arises out of a subsequent change in law and (3) is of a constitutional dimension. Unless and until this court disavows one of these basic premises, waivers of the sort at issue in this case must be enforced when timely raised by the government.

*Id.* at *5. Although Defendant asserts this unpublished decision is not binding precedent, the Court nevertheless concludes that in light of the abrogation of *Daughtery* and the citation to prior published Tenth Circuit authority in support of its position in *Frazier-LeFear*, that its prior Order cannot stand.

As noted above, the Court previously concluded that the Defendant's *Johnson* claim fell within the scope of the waiver. The Court additionally finds, based on Mr. Brown's signature on the Plea Agreement and his representations at the September 7, 2005 hearing that the plea of guilty was voluntary and completely of his own free choice, that he knew he was waiving the right to appeal, and that he was satisfied with the services of counsel. Finally, relying on *Frazier-LeFear*, the Court concludes that enforcement of the waiver does not result in a fundamental miscarriage of justice. The inquiry is not into the effect of the waiver, but rather whether "the waiver itself is unlawful because of some procedural error or because no waiver is possible." *United States v. Sandoval*, 477 F.3d 1204, 1208

4

(10th Cir. 2007). There is no alleged or perceived procedural error nor any suggestion that waiver of the right to seek collateral review is impossible. As such, the Court finds that the Government's Motion to Reconsider is well taken, and therefore should be granted.

For the reasons stated herein, the Motion to Reconsider is GRANTED. The Motion to Vacate filed by Defendant is hereby DISMISSED in light of the waiver.

**IT IS SO ORDERED** this 27th day of February 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE